Opinion filed July 26, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00106-CR

                                                    __________

 

                               RAVEN
LYNN SHELTON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CR12997

 



 

M
E M O R A N D U M    O P I N I O N

Raven
Lynn Shelton pleaded guilty in June 2008 to the offense of theft.  In accordance with a plea agreement, the trial court assessed her punishment at
confinement in the State Jail Division of the Texas Department of Criminal
Justice for a term of two years and a fine of $1,000.  However, the trial court
suspended the imposition of the sentence and placed appellant on community
supervision for a term of five years.

The
State subsequently filed a motion to revoke community supervision, alleging
numerous violations of the terms and conditions of appellant’s community
supervision.  The trial court considered the motion at a hearing conducted on
March 20, 2012.  Appellant entered a plea of “true” to all of the alleged
violations at the outset of the hearing.  Appellant also executed a stipulation
of evidence wherein she judicially confessed to the alleged violations.  After
considering evidence pertaining to punishment, the trial court revoked
appellant’s community supervision and assessed her punishment at confinement in
the State Jail Division of the Texas Department of Criminal Justice for a term
of two years and a fine of $1,000.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the brief
and advised appellant of her right to review the record and file a response to
counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following
the procedures outlined in Anders and Schulman, we have
independently re-viewed the record, and we agree that the appeal is without
merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  In this regard, a plea of true standing alone is sufficient to support a trial court’s
decision to revoke community supervision.  See Moses v. State, 590
S.W.2d 469, 470 (Tex. Crim. App. 1979).

This court advises appellant that she may file a petition for
discretionary review pursuant to Tex. R.
App. P. 68.

The
motion to withdraw is granted, and the appeal is dismissed.

 

July 26, 2012                                                                           PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]By letter, this court granted appellant thirty days in
which to exercise her right to file a response to counsel’s brief.